**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos A Reyes,<br><br>    Plaintiff,<br><br>v.<br><br>David Garbarino, *et al.*,<br><br>    Defendants. | No. CV-16-03941-PHX-JJT<br><br>**ORDER** |

At issue are *pro se* Plaintiff Carlos A. Reyes' Motion for Reconsideration (Doc. 42, Mot.) and Motion to Amend/Correct Complaint (Doc. 43).

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat

any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

From the face of the motion, there is no allegation of newly discovered evidence or an intervening change in law. Accordingly, the Plaintiff appears to rest his case on the argument that the Court committed manifest error by dismissing Plaintiff's case with prejudice—*i.e.* without leave to amend. Indeed, Plaintiff's Motion for Consideration (Doc. 42) and Motion to Amend/Correct (Doc. 43) are inextricably linked and seek only to file the lodged Proposed Amended Complaint (Doc. 44).

However, the Court dismissed Plaintiff's claims with prejudice because those claims—deprivation of civil rights and property, and challenging a State Court ruling—as a matter of law, are not cognizable or subject to federalism concerns. (*See* Doc. 32.) Plaintiff appears to agree. (Mot. ¶ 8 ("it was duly explained that the three current causes of action would be improper and as such, all three causes of action will be dropped from the amended complaint . . .").) However, Plaintiff seeks to replace his previous causes of action with a "single cause of action under 15 U.S.C. § 1692(k)." (Mot. ¶ 8.) First, courts do not look favorably upon the assertion of new legal theories when the factual basis of those legal theories was known to the party for a significant amount of time prior to filing a motion for leave to amend. *See, e.g.*, *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (holding that "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action"). Second, and more problematic, Plaintiff's Proposed Amended Complaint would constitute an entirely different action, based on largely different facts. Other than some of the parties, there is almost no overlap in the two documents. Plaintiff originally brought claims alleging that Defendants, motivated by racial animus, sought to deprive Plaintiff of his property without procedural or due process. (Doc. 1 ¶ 1.) Now, Plaintiff alleges that by demanding rent, some of those Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's Complaint that was dismissed with prejudice never

mentioned the FDCPA, and Plaintiff's Proposed Amended Complaint mentions almost none of the conduct alleged in the original Complaint. It is hard to imagine two more different causes of action.

As such, Plaintiff has failed to even allege manifest error; the Court cannot foresee that Plaintiff may have been able to plead a separate, unrelated cause of action against some of the same Defendants. Plaintiff does not seek reconsideration of his original Complaint, but simply leave to replace that Complaint with a wholly new one, based on new factual allegations and alleging a completely different claim. If this were allowed, and the Court required to consider complaints not on the causes of action and facts that are pled, but on any facts and causes of actions that *may* have been able to be pled, the Court would never dismiss a case with prejudice. A docket of endless cases would be impossible to manage.

The Court dismissed Plaintiff's action with prejudice. Despite Plaintiff's Motion for Reconsideration, he apparently does not take issue with that ruling. Accordingly, the Court will deny Plaintiff's Motion for Reconsideration. Further, the Court will deny Plaintiff's Motion for Leave to Amend as moot—the Court dismissed the action with prejudice and closed the case, and Plaintiff has provided no argument that the Court's decisions were improper as to his claims.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 42).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Amend/Correct (Doc. 43) as moot. This case remains closed.

Dated this 10th day of February, 2017.

Honorable John J. Tuchi
United States District Judge